# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR AND IN THE COUNTY OF LINCOLN

| | |
|---|---|
| OHIO CASUALTY INSURANCE CORPORATION, as Subrogee of IRIEN JENNINGS DBA TOMFOOLERY PIZZA PUB<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.;<br><br>Defendant. | No.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW the Plaintiff, OHIO CASUALTY INSURANCE CORPORATION, as Subrogee of IRIEN JENNINGS DBA TOMFOOLERY PIZZA PUB, by and through its undersigned counsel of record and alleges as follows:

I. JURISDICTION AND VENUE

1.1   That at all times herein mentioned, Plaintiff, OHIO CASUALTY INSURANCE CORPORATION, was, and now is a corporation duly organized and existing under the laws of the State of Washington, authorized to conduct business as a multiple line insurance business in the State of Washington. At all times herein mentioned IRIEN JENNINGS DBA TOMFOOLERY PIZZA PUB ("INSURED") was the insured of Plaintiff under a policy of insurance issued to it by Plaintiff.

///

1.2 That at all times herein mentioned, the INSURED business is located at 101 NW Main Street, City of Wilbur, County of Lincoln, State of Washington 99185.

1.3 That at all times herein mentioned, Defendant, APPLE, INC. is a California Corporation located at 1 Apple Park Way, Cupertino, CA 95014-0642 doing business in Lincoln County, Washington.

1.4 On information and belief, the damages occurred to INSURED, IRIEN JENNINGS DBA TOMFOOLERY PIZZA PUB, at its business at 101 NW Main Street, City of Wilbur, County of Lincoln, State of Washington 99185 (PROPERTY).

1.5 That all acts and omissions of the defendant as herein complained of occurred in the City of Wilbur, County of Lincoln, State of Washington.

1.6 That the present action and claim is based upon the provisions of Washington law.

1.7 That this court has full and proper personal jurisdiction over all of the parties hereto and over the subject matter herein.

1.8 Venue is proper in Lincoln County Superior Court pursuant to RCW 4.12.020(3).

## II. PARTIES

2.1 Plaintiff, OHIO CASUALTY INSURANCE CORPORATION, at all times herein mentioned, insured IRIEN JENNINGS DBA TOMFOOLERY PIZZA PUB, under a policy of insurance, which covered, among other things, the subject business, under the terms of which Plaintiff insured against, among other risks, certain loss or damage by reason of negligence to said property.

2.2 That at all times herein mentioned, the Insured, IRIEN JENNINGS DBA TOMFOOLERY PIZZA PUB place of business is located at 101 NW Main Street, Wilbur, Washington 99185.

///
///
///
///

2
COMPLAINT FOR DAMAGES

LAW OFFICES OF MARK DIETZLER
ATTORNEYS AT LAW
1001 FOURTH AVENUE, SUITE 3300
SEATTLE, WA 98154-1101
(206) 633-1310  FAX (866) 546-5102

2.3 That at all times herein mentioned, the Defendant, Apple Inc. place of business is located at One Apple Park WY, Cupertino, CA 95014. Its Registered Agent is CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017. Defendant, APPLE, INC., at all times herein mentioned, is the manufacturer of the 2007 Apple Mac Book Pro laptop computer, which was involved in the fire loss hereinafter alleged.

## III. FACTUAL BACKGROUND TO CLAIM FOR NEGLIGENCE

3.1 The case arises out of a business fire that occurred on August 27, 2016, at the TOMFOOLERY PIZZA PUB located at 101 NW Main Street, Wilbur, Lincoln County, Washington 99185. The fire started in the lounge area of the restaurant.

3.2 On August 27, 2016, insured, IRIEN JENNINGS DBA TOMFOOLERY PIZZA PUB had been working on her Mac Book Pro laptop and had an update downloading.

3.3 Plaintiff is informed and believes and thereon alleges that the fire loss was the result of a defective lithium battery for Insured's Mac Book Pro laptop computer.

3.4 Plaintiff is informed and believes and thereon alleges that the fire originated with the overheating of the lithium battery in the Mac Book Pro laptop computer, that the Insured, Irien Jennings was using in the lounge area of the Tomfoolery Pizza Pub.

3.5 Prior to August 27, 2016, APPLE INC. manufactured the subject "PRODUCT", Mac Book Pro laptop computer, negligently manufactured, maintained, controlled, managed, packaged with a defective lithium battery and/or entrusted an employee(s) to inspect for inconsistencies, tears, missing parts, and final inspections prior to shipping out to their sales avenues. In other words, APPLE INC. was negligent in following industry standards when they installed, repaired, maintained, designed, manufactured, supplied, retailed, packaged with a defective lithium battery assembled and/or modified the PRODUCT.

3.6 Defendant, APPLE INC's actions were negligent and below the standard of care required by the laws of the State of Washington.

///

3
COMPLAINT FOR DAMAGES

LAW OFFICES OF MARK DIETZLER
ATTORNEYS AT LAW
1001 FOURTH AVENUE, SUITE 3300
SEATTLE, WA 98154-1101
(206) 633-1310  FAX (858) 546-5102

| | | |
|---|---|---|
| 1 | 3.7 | Defendant, APPLE INC's, actions were negligent in installing defective lithium batteries in their Products that is packaged with the PRODUCT. |

### IV. FACTUAL BACKGROUND TO CLAIM FOR STRICT PRODUCT LIABILITY

4.1 That APPLE INC were at all times herein mentioned engaged in some aspect in the business of manufacturing, selling, marketing, repairing, assembling, customizing, installing, or providing to members of the general public, the PRODUCT or its component parts herein described as a Mac Book Pro laptop computer. The subject PRODUCT was manufactured, designed, assembled, repaired, retrofitted, marketed, packaged with a defective lithium battery and sold by the Defendant to be used in the manner herein described.

4.2 The PRODUCT sold by the Defendant reached the foreseeable user and/or consumer without substantial change in the condition in which it was at the time it was sold.

4.3 The subject PRODUCT sold by the Defendant was in a defective condition, and unreasonably dangerous when it left the hands of the defendant and did not meet the reasonable expectations of the ordinary consumer and user. Said defective condition included, but is not limited to design and manufacturing defects in said PRODUCT which caused substantial property damage to the IRIEN JENNINGS DBA TOMFOOLERY PIZZA PUB's Business property.

4.4 The subject PRODUCT was defectively designed, assembled, manufactured, tested and certified. Defendant was aware of, or should have been aware of, the defects with a lithium battery and/or deficiencies including, but not limited to, the defects in the subject PRODUCT and/or its specifications. Plaintiff is informed and believes and thereon alleges, that the Defendant failed to adequately warn owners and users of the defects in a timely and reasonable manner.

4.5 The Defendant placed the PRODUCT into the channels or streams of commerce in a defective condition and the Defendant is strictly liable to Plaintiff under RCW 7.72.030 and applicable statutes and case law for the damages set forth herein.

4
COMPLAINT FOR DAMAGES

LAW OFFICES OF MARK DIETZLER
ATTORNEYS AT LAW
1001 FOURTH AVENUE, SUITE 3300
SEATTLE, WA 98154-1101
(206) 633-1310 FAX (866) 548-5102

4.6  On or about August 27, 2016 as a direct and proximate result of the aforementioned design and manufacturing defects in said PRODUCT and its component parts, the PRODUCT failed and caused fire damage to the PROPERTY.

### V. FACTUAL BACKGROUND TO CLAIM FOR BREACH OF IMPLIED AND EXPRESS WARRANTIES

5.1  Prior to August 27, 2016, and prior to the time the PRODCT was being used by the INSURED in the subject incident, the Defendant impliedly warranted to members of the general public, including the INSURED, that the PRODUCT was of merchantable quality and safe for use for which it was intended by the Defendant.

5.2  The PRODUCT was not safe for its intended use nor was it of merchantable quality as impliedly warranted by the Defendant in that it was defectively designed, manufactured and marketed with a defective lithium battery that was thereby dangerously exposing the user of said PRODUCT and those around said user to serious injury.

5.3  After the INSURED suffered the damages complained of herein as a result of said defective condition of the PRODUCT, Plaintiff is informed, believes and thereon alleges that notice was duly given by Plaintiff and other interested parties, presently unknown, to the Defendant, in the time, manner and form prescribed by law, of the aforesaid breach of said implied warranty.

5.4  As a proximate result of the breach of said implied warranty INSURED sustained the damages described herein above.

5.5  INSURED was a foreseeable user of the said PRODUCT and suffered serious damages while using said PRODUCT in the manner in which operators customarily and ordinarily used the PRODUCT and in the manner in which the PRODUCT was advertised, promoted, designed, manufactured, warranted and intended to be used by Defendant.

///

///

5
COMPLAINT FOR DAMAGES

LAW OFFICES OF MARK DIETZLER
ATTORNEYS AT LAW
1001 FOURTH AVENUE, SUITE 3300
SEATTLE, WA 98154-1101
(208) 633-1310  FAX (866) 546-5102

5.6 Such retail sale for use by the public was accompanied separately, individually and respectively by the Defendant, express and implied warranties that the PRODUCT was designed for the uses to which INSURED put the PRODUCT, that the PRODUCT was merchantable, that the PRODUCT was free from defect in its design and manufacture, and that the PRODUCT would not harm the INSURED, if used as intended and expected by Defendant.

5.7 However, the Defendant breached its respective warranties implied and expressed in the design, manufacture, and sale of the aforementioned PRODUCT in that the PRODUCT was not fit for the specific or ordinary purposes for which said PRODUCT was designed and manufactured to be used. The manner in which the PRODUCT was designed, manufactured, and sold was insufficient to withstand the normal and specified use for which it was intended to be used by INSURED. A material component of said breaches occurred when Defendant willfully failed in the design, manufacture, and sale of said PRODUCT to affix proper safety devices that if correctly designed, manufactured and installed would have prevented the damages to the INSURED and/or Plaintiff.

5.8 INSURED discovered such breach of express and implied warranties on or about August 27, 2016, when the aforementioned PRODUCT failed and caused damages to the INSURED as described herein.

5.9 The aforementioned conduct of the Defendant directly and proximately caused the resulting damages sustained by Plaintiff.

5.10 As a further direct and proximate result of the aforementioned, but not limited to, defects in the subject PRODUCT, design and manufacturing defects in said PRODUCT which caused damage to the property of the INSURED, for which Plaintiff paid for the damage to said property. Plaintiff, under the terms of its policy, thereby became subrogated to all of the rights of INSURED in the sum paid and Plaintiff thereby became entitled to enforce all of the remedies of INSURED against the Defendant with respect to same sum.

6
COMPLAINT FOR DAMAGES

LAW OFFICES OF MARK DIETZLER
ATTORNEYS AT LAW
1001 FOURTH AVENUE, SUITE 3300
SEATTLE, WA 98154-1101
(206) 633-1310  FAX (866) 546-5102

## VI. PLAINTIFF'S DAMAGES

6.1   As a direct and proximate result of said Defendant, APPLE INC. negligence, INSURED'S Business Property sustained significant damage all of which will be proven at the time of Trial.

6.2   As a proximate result of said negligence by the Defendant and of the resulting damages sustained by the INSURED, Plaintiff, under the terms of its policy, thereby became subrogated to all of the rights of INSURED in the sum paid and Plaintiff thereby became entitled to enforce all of the remedies of the INSURED against the Defendants with respect to same sum.

## VII. DEMAND FOR RELIEF

7.1   WHEREFORE, Plaintiff prays for judgment against the Defendants for:

  a.   For damages in such amounts as shall be proven at the time of trial;
  b.   For costs and disbursements, including statutory and reasonable attorney fees;
  c.   For post-judgment interest on the entire judgment until paid in full; and,
  d.   For such other relief as the court deems just and proper.

DATED this 19th day of April, 2019.

LAW OFFICES OF MARK DIETZLER

_____
Kevin F. Smith, WSBA#45412
Attorney for Plaintiff, OHIO CASUALTY INSURANCE CORPORATION, as Subrogee of IRIEN JENNINGS DBA TOMFOOLERY PIZZA PUB

7
COMPLAINT FOR DAMAGES

LAW OFFICES OF MARK DIETZLER
ATTORNEYS AT LAW
1001 FOURTH AVENUE, SUITE 3300
SEATTLE, WA 98154-1101
(206) 633-1310  FAX (866) 548-5102